Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BE MODEST BOUTIQUE, an Ohio corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*)<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff FABRIC SELECTION, INC. (hereinafter "FSI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*, and Cal. Civ. Code 3344(a).

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, FABRIC SELECTION, INC., ("FSI") is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California.

5. FSI is informed and believes and thereon alleges that Defendant BE MODEST BOUTIQUE ("Be Modest Boutique") is an Ohio corporation, with its principal place of business located at 3041 Axe Drive, Fairborn, Ohio 45324, and is doing business in and with the State of California.

6. FSI is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabrics printed with Plaintiff's copyrighted designs (as hereinafter defined) without FSI's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to FSI, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7. FSI is informed and believes and thereon alleges that Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed FSI's copyrights, have contributed to the infringement of FSI's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants

4 through 10, inclusive, are presently unknown to FSI, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. FSI is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of FSI's rights and the damages to FSI proximately caused thereby.

## CLAIMS RELATED TO DESIGN SE40528

9. Prior to the conduct complained of herein, FSI composed an original two-dimensional artwork for purposes of textile printing. Plaintiff allocated the design FSI's Internal Design Number SE40528 ("Subject Design").

10. Subject Design is an original creation of FSI and/or FSI's design team, and is, and at all relevant times was, owned exclusively by FSI.

11. FSI registered Subject Design with the United States Copyright Office.

12. FSI is informed and believes and thereon alleges that, without FSI's authorization, Be Modest Boutique and certain DOE defendants ("Defendants") created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to or substantially similar to the Subject Design ("Accused Product"). Such Accused Product includes, but is not limited to, the garment bearing an illicit copy of the Subject Design titled "Andrea Floral Skirt" and sold on https://www.bemodestboutique.com/ with labeling indicating such garments were sold by or for Be Modest Boutique.

13. Below is a comparison of the Subject Design and an exemplar of Subject Product (detail and garment):



14. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar.

15. Plaintiff did not know or have reason to know of any of Defendants' infringing conduct prior to three years before the filing of this Complaint.

16. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of FSI's rights, and/or in blatant disregard for FSI's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

17. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. FSI is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to FSI's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to FSI's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by FSI for its customers.

19. FSI is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. FSI is further informed and believes and thereon alleges that said Defendant(s) has an ongoing

business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design or were an illegal derivation or modification thereof.

20. FSI is informed and believes and thereon alleges that Defendants, and each of them, infringed FSI's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

21. Due to Defendants' acts of infringement, FSI has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, FSI has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of FSI's rights in the Subject Design in an amount to be established at trial.

24. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. FSI is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

27. FSI is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, FSI has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

30. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants,

and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, FSI prays for judgment as follows:

### Against All Defendants

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing FSI's copyrights in any manner, specifically those for the Subject Design;

b. That FSI be awarded all profits of Defendants plus all losses of FSI, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That a trust be imposed over the revenues derived by Defendants and each of them, through the sales or distribution of the product at issue;

d. That FSI be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

e. That Defendants, and each of them, account to FSI for their profits and any damages sustained by FSI arising from the foregoing acts of infringement;

f. That FSI be awarded pre-judgment interest as allowed by law;

g. That FSI be awarded the costs of this action; and

h. That FSI be awarded such further legal and equitable relief as the Court deems proper.

///

# JURY DEMAND

FSI demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 25, 2023      By:  /s/ *[signature]*
Trevor W. Barrett, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*